JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 13-2604 PA (Ex) | Date | April 16, 2013 |
|---|---|---|---|
| Title | Bank of New York Mellon, et al. v. Aram Nersesian | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**           IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed by defendant Aram Nersesian ("Defendant") on April 15, 2013.  Plaintiff The Bank of New York Mellon fka The Bank of New York, as successor to JPMorgan Chase Bank, N.A., as trustee for the Holders of SAMI II Trust 2006-AR7, Mortgage Pass-Through Certificates, Series 2006-AR7 ("Plaintiff") filed its Complaint in Los Angeles County Superior Court asserting a single cause of action for unlawful detainer.  Defendant asserts that this Court has subject matter jurisdiction on the basis the Court's diversity jurisdiction, 28 U.S.C. § 1332, and federal question jurisdiction, 28 U.S.C. § 1331.

Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994).  A "strong presumption" against removal jurisdiction exists.  Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992).  In seeking removal, the defendant bears the burden of proving that jurisdiction exists.  Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

This is the second time that Defendant has attempted to remove this action.  On the prior attempt, Case Number CV 12-5185 JAK (SHx), Defendant filed a Notice of Removal on June 14, 2012.  The Court remanded the action for lack of subject matter jurisdiction after Plaintiff filed a Motion to Remand that Defendant failed to oppose.  The Notice of Removal filed in this action alleges that the "Defendant has not been properly served and jurisdiction has [been] questioned . . . [t]his Notice of Removal is being filed on April 8, 2013, and is timely under 28 U.S.C. [§] 1441(b)."  The Notice of Removal, however, attaches as an exhibit an Answer filed by Defendant in Los Angeles Superior Court on December 24, 2012.  Therefore, contrary to the allegations in the Notice of Removal, it is apparent that Plaintiff was served with the action more than 30 days ago.  This latest removal is therefore untimely.  "[A] proper removal notice must be filed within 30 days of service of the plaintiff's complaint."  28 U.S.C. § 1446(b); Parrino v. FHP, Inc., 146 F.3d 699, 703 (9th Cir. 1998).  "If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . ."  28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 13-2604 PA (Ex) | Date | April 16, 2013 |
|---|---|---|---|
| Title | Bank of New York Mellon, et al. v. Aram Nersesian | | |

U.S.C. § 1446(b). Failure to comply with the statutory time limit bars removal. <u>See, e.g.</u>, <u>N. Ill. Gas Co. v. Airco Indus. Gases</u>, 676 F.2d 270, 273 (7th Cir. 1982).

Defendant's repeated filing of Notices of Removal is also improper. A second removal is permissible when made on new grounds arising from subsequent pleadings or events. <u>See</u> <u>Peabody v. Maud Van Cortland Hill Schroll Trust</u>, 892 F.2d 772, 776 (9th Cir. 1989); <u>One Sylvan Rd. N. Assocs. v. Lark Int'l, Ltd.</u>, 889 F. Supp. 60, 62–63 (D. Conn. 1995) ("A defendant who fails in an attempt to remove on the initial pleadings can file a second removal petition <u>when subsequent pleadings or events reveal a new and different ground for removal</u>.") (emphasis added). However, a party cannot remove a case twice based on the same grounds. <u>See</u> <u>Seedman v. U.S. Dist. Court for Cent. Dist. of Cal.</u>, 837 F.2d 413, 414 (9th Cir. 1988) ("a second removal petition based on the same grounds does not 'reinvest' the court's jurisdiction"). Indeed, a second attempt at removal is justified only when there has been a "substantial change in the nature of the instant case since it was last in this court." <u>One Sylvan</u>, 889 F. Supp. at 64. Here, the Notice of Removal alleges no change in the nature of the case, and there are no subsequent pleadings or papers which might provide a basis for a second removal attached to the Notice of Removal.

This latest Notice of Removal also fails to establish the existence of the Court's subject matter jurisdiction.

### A.      Federal Question Jurisdiction

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. <u>Caterpillar, Inc. v. Williams</u>, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." <u>Id.</u> at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. <u>Duncan v. Stuetzle</u>, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, plaintiff is generally the "master of the claim." <u>Caterpillar</u>, 482 U.S. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. There is no federal question jurisdiction simply because there is a federal defense to the claim. <u>Id.</u> at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law. <u>Sullivan v. First Affiliated Sec., Inc.</u>, 813 F. 2d 1368, 1372 (9th Cir. 1987).

Here, the Complaint contains a single cause of action for unlawful detainer. No federal claim is alleged. Defendant's Notice of Removal alleges that "Defendant contends a federal question not relating to her defense in a state unlawful detainer action, but a federal question surrounding the construction of the Pooling and Service Agreement . . . ." The Notice of Removal also "alleges a federal question of due process rights guaranteed by the Fourteenth Amendment to the United States

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 13-2604 PA (Ex) | Date | April 16, 2013 |
|---|---|---|---|
| Title | Bank of New York Mellon, et al. v. Aram Nersesian | | |

Constitution." These allegations do not constitute a basis for removal. Neither a federal defense nor an actual or anticipated federal counterclaim form a basis for removal. Vaden v. Discover Bank, __ U.S. __, 129 S. Ct. 1262, 1272, 173 L. Ed. 2d 206 (2009).

Nor does Defendant's reference to 28 U.S.C. § 157(b)(2) and an allegation that this is a "core proceeding" under the Bankruptcy Code support removal of this action. A bare allegation of jurisdiction, without more, in insufficient to defeat the "strong presumption" against removal. Gaus, 980 F.2d at 567. Moreover, bankruptcy removal jurisdiction is subject to the well-pleaded complaint rule, meaning that the basis for removal jurisdiction must be evident from the complaint. See, e.g., Tishau Partners v. Miles, 2010 U.S. Dist. LEXIS 37948, at *3 (N.D. Cal. Mar. 24, 2010); Yangming Marine Transport Corp. v. Electri-Flex Co., 682 F. Supp. 368, 370 (N.D. Ill. 1987). Here, there is nothing from the face of Plaintiff's unlawful detainer Complaint to confer bankruptcy removal jurisdiction under 28 U.S.C. § 1452(a), and thus removal on this ground was improper.

Therefore, Defendant has failed to show that federal question jurisdiction exists.

### B.      Diversity Jurisdiction

Defendant has also failed to show that diversity jurisdiction exists over this action. Subject matter jurisdiction based on diversity of citizenship requires all plaintiffs to have different citizenship from all defendants and that the amount in controversy exceed $75,000. See 28 U.S.C. § 1332; Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373, 98 S. Ct. 2396, 2402, 57 L. Ed. 2d 274 (1978). To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990). For the purposes of diversity jurisdiction, a national bank is "a citizen of the State in which its main office, as set forth in its articles of association, is located." Wachovia Bank v. Schmidt, 546 U.S. 303, 307, 126 S. Ct. 941, 945, 163 L. Ed. 2d 797 (2006) (construing 28 U.S.C. § 1348).

Although Defendant alleges that the amount in controversy exceeds $75,000 because the total value of the residence exceeds $75,000, the caption of the Complaint clearly states that the "amount demanded does not exceed $10,000." In unlawful detainer actions, the title to the property is not involved — only the right to possession. Evans v. Superior Court, 67 Cal. App. 3d 162, 170 (1977). As such, the amount in controversy is determined by the amount of damages sought in the Complaint, rather than the value of the subject real property. Id. Here, Plaintiff alleges in the prayer of the Complaint that it is only seeking possession of the premises, costs of suit, and $175.80 per day from the expiration of the Notice to Quit until it obtains a judgment. Thus, given that the amount of the note is

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-2604 PA (Ex) | Date | April 16, 2013 |
|---|---|---|---|
| Title | Bank of New York Mellon, et al. v. Aram Nersesian | | |

not in controversy, Defendant has failed to show that this action meets the minimum jurisdictional requirement.

<u>**CONCLUSION**</u>

For the foregoing reasons, Defendant has failed to meet her burden of showing that federal subject matter jurisdiction exists over this action.  The Notice of Removal is also procedurally defective. Because Plaintiff previously filed a Motion to Remand when Defendant filed her first Notice of Removal, Plaintiff has expressed a desire to remain in state court and not waive Defendant's procedurally improper attempt to remove this action.  Because the Court lacks subject matter jurisdiction and the removal was procedurally improper, this action is hereby remanded to the Los Angeles County Superior Court, Case No. 12H01725.  <u>See</u> 28 U.S.C. § 1447(c).

IT IS SO ORDERED.